UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FLORENCE BLACK                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:11CV16 DPJ-FKB

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES                                          DEFENDANT

ORDER

This Title VII retaliation/discrimination case is before the Court on Defendant Mississippi Department of Human Services' motion for summary judgment [24] pursuant to Federal Rule of Civil Procedure 56. Plaintiff Florence Black has responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendant's motion should be granted.

I.    Facts and Procedural History

Florence Black, an African-American, began her employment with the Mississippi Department of Human Services (DHS) in November 1990, first as a Clerk Typist and later as a Secretary Executive. Black Dep. at 13. In November 1997, she left DHS and accepted a Secretary Administrator position with the Department of Archives and History. *Id.* at 15. In June 1999, she came back to DHS, retaining her Secretary Administrator title, which she still holds. *Id.* at 15.

After returning to DHS, Black expressed interest in a "program position" and a Special Projects III position, neither of which she received. *Id.* at 32; Pl.'s Aff. [29-2] at 1-2. Believing she had been discriminated against on account of her race, Black filed a charge of race discrimination with the Equal Employment Opportunity Commission in 2006. Black ultimately filed a lawsuit and settled her claims with DHS.

Black now claims that DHS retaliated against her for complaining and continued to discriminate against her based on race. In particular, she asserts that DHS hired an unqualified white female in November 2008 for the Special Projects IV position. Aggrieved by the decision, Black filed her second EEOC Charge in April 2009, and filed this action after exhausting her administrative remedies. DHS has now moved for summary judgment as to all of Black's claims. The Court has subject matter jurisdiction, and having considered the submissions of the parties, finds Defendant's motion should be granted.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075 (5th Cir. 1994) (en banc).

III.   Analysis

    A.   Race Discrimination

        1.   Prima Facie Case

Black claims that DHS discriminated against her on account of her race in violation of Title VII.  As an initial matter, the 2009 EEOC Charge of Discrimination and her Complaint both make general reference to a history of being overlooked for the Special Projects IV position.  But the only specific employment decision Black mentions in either is the failure to promote in November 2008.  Although the facts section of her Response identifies a number of other incidents occurring from 2005 through 2011, she unequivocally testified during her deposition—without objection or clarification from counsel—that the "2008 Special Projects Officer 4 opening . . . is the only subject of this suit."  Black Dep. at 39.  And the November 2008 promotion decision is the only decision Black directly addresses under the *McDonnell-Douglas* paradigm.  *See* Pl.'s Resp. at 9–10.  Thus, to the extent her Response could be read as an attempt to broaden the scope of the suit, she has not met her burden under Rule 56 of

establishing a claim as to any other incident, and the Court focuses on the November 2008 employment decision.[1]

To establish a prima facie case on her failure-to-promote claim, Black must show: (1) she belongs to a protected class; (2) she applied for and was qualified for a position for which applicants were being sought; (3) she was rejected; and (4) a person outside of her protected class was hired for the position. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 (5th Cir. 2007).

The parties dispute whether Black met the minimum qualifications for the position. Specifically, DHS avers Black did not possess the minimum supervisory experience. At the time she applied for the position, Black did not have a college degree. Black Dep. at 31. According to the job description, an applicant holding only a high school diploma must have nine years of experience related to the duties of the position, *three years* of which "must include line or functional supervision." Black Dep. Exh. 3 [24-1].[2] Black testified that during her employment with the Department of Archives from November 1997 to June 1999 (20 months), she supervised one employee, but that was her only supervisory experience. Black Dep. at 16-19. Thus, Black's supervisory experience falls short of the stated qualifications.

Black attempted to address this deficiency in her Response by attaching a purported letter from the State Personnel Board, dated January 30, 2006, indicating that she had been placed on

---

[1] It appears that some of the older events would be subject to res judicata or would be time barred or unexhausted. These issues have not been explored.

[2] The description allows for substitution of "[r]elated education and related experience . . ., except there shall be no substitution for the three (3) years of line or functional supervision." *Id.*

4

the "List of Eligibles" for six "Projects Officer IV, Special" positions in various counties, expiring January 31, 2007.  Pl.'s Resp. Exh. H [29-8].  She claims this letter reflects that the "Mississippi Personnel Board certified that Ms. Black had met the minimum qualifications for the Special Projects Officer IV position."  Pl.'s Resp. at 10.  As DHS points out, however, a party cannot resist summary judgment by submitting unauthenticated documents or hearsay.  *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005).  Black has never attempted to rectify the evidentiary deficiency DHS noted, and her exhibit is not competent evidence.[3]

Considering the admissible evidence, Black lacked the requisite supervisory experience dictated by the job description.  Her own testimony established that her supervisory experience was limited to twenty months, rather than the three years stated in the qualifications.  Because Black has not met her burden to show that she was qualified for the promotion sought, summary judgment as to her race-discrimination claim is appropriate.

        2.        Legitimate Non-Discriminatory Reason

Even assuming a prima facie case, Black has not rebutted DHS's legitimate non-discriminatory reason for its decision.  According to Defendant, it hired the more qualified candidate.  *See Patrick v. Ridge*, 394 F.3d 311, 318 (5th Cir. 2004) (holding that "choosing some other candidate because he is the best-qualified individual for the job is generally a legitimate, nondiscriminatory reason for an adverse employment decision").

---

[3]Even if admissible, the January 30, 2006, letter is not probative of Black's qualifications for the disputed promotion in November 2008.  The letter shows only that Plaintiff was deemed qualified from January 30, 2006, through January 31, 2007—nearly two years before the promotion of the white employee of which Plaintiff now complains.  Thus, the January 30, 2006, letter does nothing to establish that Plaintiff was qualified for the Special Projects Officer IV position at the time she failed to win the promotion in November 2008.

Black counters that she was actually the more qualified of the two. "In order to create a permissible inference of discrimination under this theory, 'disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Nunley v. City of Waco*, 440 F. App'x 275, 279 (5th Cir. 2011) (citing *Deines v. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)). "[B]etter education, work experience, and longer tenure with the company do not establish that [plaintiff] is clearly better qualified." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002). And merely "[s]howing that two candidates are similarly qualified does not establish pretext." *Price*, 283 F.3d at 723. "Ultimately, the law requires only that the employer's decision is 'somewhere within the realm of reason.' This is because the judicial system is not as well suited to evaluate professional qualifications as those who have trained and worked for years in the relevant field of endeavor." *Manora v. Donahoe*, 439 F. App'x 352, 357 (5th Cir. 2011).

> The Fifth Circuit Court of Appeals summarized all of this in *Deines*, stating that
>
> the employer's judgment as to qualifications will not be probative of the issue of a discriminatory motive unless the qualifications are so widely disparate that no reasonable employer would have made the same decision. It is hardly a basis for the jury to find mendacity on the part of the employer when its judgments on qualifications are somewhere within the realm of reason. There is then, for the purposes of proving pretext, a difference in simply 'second-guessing' an employer's judgment and finding proof of mendacity.

164 F.3d at 282; *see also Johnson v. Earth Grains Baking Co.*, 203 F.3d 828 (5th Cir. 1999) (affirming summary judgment); *Dailey v. Vought Aircraft Indus., Inc.*, 135 F. App'x 642, 645 (5th Cir. 2005) (affirming summary judgment where plaintiff offered "no more than his own assertions that he is better qualified").

Here, Black offers her belief that she was the better candidate and the successful applicant for the Special Projects Officer IV position in November 2008, Brenda Pennock, was not qualified. Specifically, Black asserts that Pennock's degree in probation parole "has absolutely no relevance to the Defendant's activities," and that Pennock's previous work experience was not sufficiently related to the duties of a Special Projects Officer IV as to qualify under the job requirements because she had worked for a state agency for only three years at the time of the promotion. Pl.'s Resp. [30], at 10, 11.

Viewing the summary judgment record in a light most favorable to Black, and considering the stated job qualifications found in the record, Black has not created a jury question. She instead questions DHS's qualifications and its evaluation of those qualifications as applied to Pennock. But DHS was free to set its qualifications and to evaluate the relevance of Pennock's education as applied to those qualifications. *See Campbell v. England*, 234 F. App'x 183, 186–87 (5th Cir. 2007) (rejecting plaintiff's subjective belief that employer was incorrect in assessment of educational qualifications). And as to the relevance of Pennock's work experience, DHS correctly observed that the minimum qualifications for the position required only "experience related to the . . . described duties" of the position. Def.'s Mot. Summ. J. [24] Ex. A, Black Dep., at Ex. 3. Contrary to Black's argument, the requirements are not limited to experience with a state agency. Regardless, the Court will not second-guess DHS's judgment regarding Pennock's qualifications absent proof that Black was clearly more qualified. *Deines*, 164 F.3d at 282. No such evidence has been presented. Thus, even assuming a prima facie case, Black has not met her burden at the pretext stage, and her discrimination claim should be dismissed.

B.     Retaliation

Black also claims that DHS retaliated against her for engaging in protected activity.  "A plaintiff establishes a prima facie case of retaliation by showing (I) [she] engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal link between the protected activity and the adverse employment action." *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011).  "Summary judgment is appropriate if the plaintiff cannot support all three elements." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). Black satisfies the first two prongs, but the parties dispute whether she has adequately demonstrated the causal link at the prima facie stage.  DHS further contends that Black fails to meet her ultimate burden.

According to Black, the retaliation stemmed from her 2006 EEOC charge and subsequent lawsuit against DHS.  Black Dep. at 41.  DHS argues that because approximately two years elapsed between the 2006 EEOC charge and the promotion at issue (November 2008), the employment decision is too remote in time from the protected activity to establish a causal link. Indeed, "[t]emporal proximity between [a plaintiff's] first Title VII suit and the alleged adverse employment action[ ] only can prove the causation element of [her] prima facie case when the protected act and the adverse employment action are 'very close' in time." *Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (noting that a three-month or four-month period may be close enough to make a prima facie showing of causation but holding that a twenty-month period was not)).

Black responds that the "problem" with Defendant's "argument is it fails to take into consideration all the other ways Ms. Black was retaliated against in between that first charge, the

2008 failure to promote, and even after the promotion that show a continuous retaliatory environment that Ms. Black has been subjected to over the years." Pl.'s Resp. at 12.[4]  As stated above, the Court views the reference to what Black perceived to be a "retaliatory environment" as an attempt to prove a casual link rather than an expansion of perceived adverse employment actions.  And in that light, Black's single sentence on causation—and the facts she alleged earlier in her Response—are simply too conclusory and subjective to meet her Rule 56 burden of showing that the promotion decision in 2008 was causally linked to the protected activity in 2006.[5]

Even if Black could state a prima facie case of retaliation, she has still fallen short of meeting her ultimate burden of showing retaliation.  Black never responds to this portion of DHS's argument, but assuming she would again contend that she was better qualified for the position, that argument remains insufficient.  *See* Sec. III(A)(2), *supra*.

IV.  Conclusion

Based on the foregoing, the Court finds that Defendant's motion for summary judgment should be granted.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[4]This sentence represents Black's entire substantive Response to DHS's causation argument.

[5]As noted above, some of the alleged incidents pre-dated the protected activity and others post-dated the employment decision disputed in this case.