UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FLORENCE BLACK                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:11cv16-DPJ-FKB

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES                                    DEFENDANT

ORDER

This Title VII retaliation and discrimination case is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Motion for Summary Judgment [34]. Defendant opposes the motion for reconsideration. The Court, having considered the parties' submissions in light of the applicable authority, finds Plaintiff's motion should be denied.

I.      Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

II.     Analysis

Plaintiff Florence Black makes several arguments challenging the Court's summary judgment order, claiming:  (1) the Court erred when it failed to consider a letter from the Mississippi Personnel Board that deemed her qualified for the promotion she sought; (2) the Court erred in its analysis of the relative qualifications of Black and Brenda Pennock; and (3) the Court's conclusion that she could not establish the causation element of her retaliation claim ignored her evidence of a continually retaliatory environment.

   A.     The Personnel Board Letter

As to the letter, the Court agrees that it considered its admissibility under the wrong standard.  Specifically, the Court agreed with DHS that it could not consider the Personnel Board's letter because it was unauthenticated and contained hearsay.  Jan. 24, 2012 Order [32] at 5 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005)).  This conclusion rested on Fifth Circuit precedent that pre-dated a December 1, 2010, amendment to Rule 56. Under the amended rule, the fact that a document relied upon to defeat summary judgment is presented in an inadmissible format is not fatal to the Court's ability to consider it.  Rather, if a party has failed to offer evidence in an admissible format, the opposing party should object pursuant to Rule 56(c)(2), which states that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The commentary makes clear that such an objection then shifts the burden to the evidence's proponent, who must "show that the material is admissible as presented or . . . explain the admissible form that is anticipated."  Fed. R. Civ. P. 56, cmt.

In this case, DHS did not make the proper objection. Instead, it insisted that because the letter "is an unauthenticated document and constitutes inadmissible hearsay, it is improper summary judgment evidence and should be disregarded." Def.'s Rebuttal [31] at 4. And had it made the proper objection, Black could have argued, as she now has, for the document's admissibility or that the information contained therein could be presented in an admissible format. The Court's failure to consider the evidence under amended Rule 56 was error.

Even considering the letter, Black's success at this stage remains doubtful. By its own terms, the disputed letter expressly states that Black's name would be placed on the List of Eligibles for a Special Projects Officer IV position through January 31, 2007. Pl.'s Resp. [29] Ex. H. And Black testified that employees would remain on the List of Eligibles only "for as long as you renew it each year." Pl.'s Resp. [29] Ex. G, Black Dep. 21. Black has not directed the Court to any record evidence that she renewed her eligibility such that she would have appeared on the List of Eligibles in November 2008 when the decisionmaker concluded that she was not qualified. And as discussed below, Black failed to satisfy the requirements for the position because she lacked sufficient supervisory experience. Still, the Court will assume, without deciding, that the letter creates a question of fact as to whether DHS considered Black to be qualified for the promotion in November 2008.

B.  The Applicants' Relative Qualifications

Even assuming that the letter established Black's qualification for the promotion sufficient to meet her prima facie burden, DHS remains entitled to summary judgment on Black's discrimination claim. DHS offered a legitimate, nondiscriminatory reason for its hiring

decision—namely, its conclusion that Brenda Pennock was the more qualified candidate. Black has not rebutted this proffer.

Black initially argued that she was more qualified than Pennock. Pl.'s Resp. [30] at 5. She now asserts that this Court incorrectly required her to prove she was "vastly more qualified than Ms. Pennock to show pretext." Pl.'s Mot. [34] at 3. The Court said no such thing. It observed instead that when a plaintiff attempts to prove pretext under this theory, she must show that she was "clearly better qualified" than the successful applicant. Jan. 24, 2012 Order [32] at 6 (citing *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002)). This remains the standard. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).

In her motion for reconsideration, Black attempts to meet this standard through conclusory allegations and demonstrably false factual arguments. In general, Black asserts that she "met the minimum qualifications for the position while Ms. Pennock did not show[ing] Ms. Black is vastly more qualified." Pl.'s Mot. [34] ¶ 7. The job qualifications for Special Projects Officer IV provide three alternatives, two of which are relevant to Pennock and Black. Candidates will be deemed qualified if they possess: (1) a Bachelor's Degree in a field related to the functions of DHS and five years of experience related to the job duties, including three years of "line or functional supervision," or (2) a high school diploma or GED and nine years of experience related to the job duties, including three years of "line or functional supervision." Pl.'s Resp. [29] Ex. F.

To begin with, Black fails to meet either test despite her specious assertions to the contrary. In the present motion, Black claims that she met the "minimum qualifications for the position," Pl.'s Mot. [34] at 3, but directs the Court to no record evidence suggesting that she

4

possessed the minimum three years of supervisory experience. She made this same assertion more directly in response to DHS's motion for summary judgment, falsely claiming then that she had "three (3) years of supervisory experience at the Mississippi Department of Archives and History." Pl.'s Mem. [30] at 10. She supported that statement by citing Defendant's Memorandum [25] which merely recounts that "[w]hile at the Department of Archives and History, she supervised the work of one employee." Def.'s Mem. [25] at 1 (cited in Pl.'s Mem. [30] at 10). This observation in DHS's brief—even if competent evidence—hardly supports Black's contention that she had three years of supervisory experience. Plus, her own deposition—as cited immediately after this quote from Defendant's Memorandum—states that her supervision of a single subordinate lasted less than two years. Mot. Summ. J. [24] Ex. A, Black Dep. 16–19. Black has never supported her claim to at least three years supervisory experience, so the record remains unrebutted that she lacked this qualification.

As for Pennock, Black asserts that Pennock's college degree is not related to the functions of the job and she was therefore unqualified. To know whether the degree was somehow related, it is necessary to know what a Special Projects IV Officer does, but Black neither explains the job nor offers record evidence that Pennock's degree was insufficiently related. *See* Fed. R. Civ. P. 56(c)(3). Absent record evidence on these points, Black has not created a factual issue. Black then suggests error because "DHS never contended that Ms. Pennock's bachelor degree actually counted as a degree that would meet the minimum qualifications the DHS set for itself." Pl.'s Mot. [34] ¶ 6. But DHS made that very claim in its original memorandum. Def.'s Mem. [25] at 2. And it supported the argument with the deposition testimony of Cherly Sparkman, who testified that they looked for "a college degree, a BS degree" and found "Ms. Pennock was more

5

than qualified . . . ." Mot. Summ. J. [24] Ex. D, Sparkman Dep. 33. Black has not created an issue. Finally, Black concludes that DHS "intentionally altered [its] qualifications so it [could] hire its preselected candidate." Mot. to Reconsider [34] ¶ 6. Again, there is no record evidence cited in support of this contention. *See* Fed. R. Civ. P. 56(c)(3).

But assuming for argument's sake that Pennock's Bachelor's Degree in "Probation Parole" was not "related to the functions of DHS," this fact alone would not demonstrate pretext. *See Price*, 283 F.3d at 721–22 (rejecting argument that plaintiff was clearly better qualified because promoted employee was not minimally qualified for the position as listed in job description and finding that employer could have concluded that promoted employee was qualified).

Moreover, Pennock's lack of a relevant degree would simply mean that neither she nor Black possessed the technical prerequisites. And if both Pennock and Black fell short of the technical requirements, no reasonable juror could conclude that Black was "clearly better qualified (as opposed to merely better or as qualified) than" Pennock. *Moss*, 610 F.3d at 922 (citation omitted). As Defendant observes, Pennock had a college degree, Black did not. Def.'s Mem. [25] at 2. Pennock had approximately ten years of supervisory experience, Black supervised one employee for less than two years. *Id*. Black's only response to these undisputed facts is the false claim that she met the minimum requirements while Pennock did not.[1]

Ultimately, DHS was free to set its qualifications, to evaluate the relevance of Pennock's education and experience as applied to those qualifications, and to choose among candidates who

---

[1]Contrary to Plaintiff's argument, the Court has not, and did not, limit its review to Black's qualifications in determining whether she was clearly better qualified. *See* Pl.'s Mot. [34] ¶ 9.

6

met the stated requirements, "provided the decision [was] not based upon unlawful criteria."
*Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981). The Court will not second-guess DHS's judgment regarding the candidates' relative qualifications under such circumstances. *See Manora v. Donahoe*, 439 F. App'x 352, 357 (5th Cir. 2011); *Deines v. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999). And because there is no evidence to suggest that DHS's failure to promote Black was based upon her race, summary judgment on Black's discrimination claim was proper.

    C.    Retaliation Claim

Black focuses her current retaliation argument on the Court's causation ruling. According to her, the Court found that "Black only provided a single sentence that was too conclusory to support a retaliatory environment." Pl.'s Mot. [34] ¶ 8. She then directs the Court to the "background" section of her original response to the summary-judgment motion and urges the Court to find that a continual pattern of retaliation from 2006 through 2008 proved causation. *Id*. But contrary to Black's assertion, the Court did not limit its initial review to her single substantive sentence on causation and instead considered her continual retaliation argument in light of the facts presented in her original memorandum. *See* Jan. 24, 2012 Order [32] at 9 ("Black's single sentence on causation—*and the facts she alleged earlier in her Response*—are simply too conclusory and subjective to meet her Rule 56 burden of showing that the promotion decision in 2008 was causally linked to the protected activity in 2006.") (emphasis added). Black's mischaracterization notwithstanding, the Court has already considered and rejected her evidence and argument.

Moreover, even Black acknowledges that "the Fifth Circuit has yet to rule on whether this type of evidence [*i.e.*, a continual pattern of retaliation] is sufficient to prove causation." Pl.'s Mot. [34] ¶ 8. And while other federal circuits recognize that a pattern of antagonism can create a sufficient link at the prima facie stage, Black provides no authority for applying that argument to her ultimate burden. *See, e.g.*, *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000) (noting that "timing and ongoing antagonism have often been the basis for the causal link" at the prima facie stage). As previously noted, Black never squarely addressed her ultimate burden other than to argue the legal standard. *See* Jan. 24, 2012 Order [32] at 9.[2]

Finally, even if Black's argument applies at the ultimate burden, the Court remains of the opinion that the allegations regarding employment decisions occurring between the protected activity and the disputed promotion were conclusory and subjective. Black supported these claims exclusively with her own affidavit stating that she believes retaliation motivated DHS, but the Fifth Circuit has "consistently held that an employee's 'subjective belief of discrimination' alone is not sufficient to warrant judicial relief." *Auguster v. Vermillion Parish Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001) (quoting *Bauer v. Albermarle Corp.*, 169 F.3d 962, 967 (5th Cir.

---

[2]The parties dispute what Black must show to meet her ultimate burden, and the law in the Fifth Circuit is somewhat unsettled on that point. *Compare Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010) (holding that a plaintiff need not show "but-for" causation in a retaliation case where she pursues a mixed-motives theory) *with Nunley v. City of Waco*, 440 F. App'x 275, 281 (5th Cir. 2011) (explaining that the "decision in *Xerox* did not dispense with this final 'but for' requirement for avoiding summary judgment," even in a mixed-motives case); *Matthews v. City of West Point, Miss.,* No. 1:10cv286–SA–DAS, 2012 WL 1004996, at *15–16 (N.D. Miss. Mar. 23, 2012) (interpreting *Nunley* as requiring plaintiffs to prove "but-for" causation in mixed-motives retaliation cases). Whether *Nunley* accurately interpreted *Xerox* will probably receive additional attention in the future, but it matters not in this case because Plaintiff failed to support either theory.

1999)); *see also Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435 (5th Cir. 1995) (holding that employee's "bald assertions of age discrimination [were] inadequate to permit a finding that proscribed discrimination motivated" the employment decision). Even if they were not conclusory and subjective, some of the facts Black alleges during this time frame are based on rank hearsay which cannot be considered on a motion for summary judgment. For all these reasons, even assuming the Fifth Circuit would adopt Black's causation argument and apply it to her ultimate burden, the present record would not support her claim.

III. Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not change the result. Plaintiff fails to "establish either a manifest error of law or fact" or "present newly discovered evidence" that would justify reconsideration. *Rosenzweig*, 332 F.3d at 863 (citations and quotations omitted). Plaintiff's Motion for Reconsideration is therefore denied.

**SO ORDERED AND ADJUDGED** this the 26th day of July, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE